UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASSILIKI AGLOGALOU,

    Plaintiff,

v.                                     Case No.: 8:20-cv-2024-CEH-AAS

MICHAEL DAWSON and
CHERLY LYNN ONOPA

    Defendants.
_____/

## ORDER

Vassiliki Aglogalou moves to compel the defendants, Michael Dawson and Cheryl Lynn Onopa, to provide documents responsive to Ms. Aglogalou's requests for production.[1] (Doc. 33). The defendants oppose. (Doc. 36).

## I.    BACKGROUND

In Florida state court, Ms. Aglogalou sued the defendants for alleged injuries to her neck and back from a car accident. (Doc. 1, Ex. 1). The defendants answered and asserted affirmative defenses. (Doc. 1, Ex. 2). After answering the complaint, the defendants removed to this court. (Doc. 1). This

---

[1] Ms. Aglogalou also served interrogatories on the defendants. (*See* Doc. 33, Ex. 6). Although Ms. Aglogalou's motion to compel requests the defendant to provide complete responses to her interrogatories, Ms. Aglogalou does not identify which interrogatories are at issue nor does she provide her interrogatories and the defendants' answers to those interrogatories. Thus, the court only considers the requests for production that are identified in Ms. Aglogalou's motion to be the ones in dispute and not any interrogatory answers.

1

court entered a case management scheduling order. (Doc. 11). After requesting additional time for discovery, the court entered an amended case management order. (Doc. 26). The current discovery deadline is October 15, 2021. (*Id.*).

On December 21, 2020, Ms. Aglogalou served her first requests for production. (*See* Doc. 33, Ex. 6). On January 21, 2021, the defendants timely served their answers to these first requests for production. (Doc. 33, Ex. 1, 2). On January 28, 2021, Ms. Aglogalou served her second request for production. (Doc. 33, Ex. 4). On March 12, 2021, the defendants timely served their answer to this second request for production. (Doc. 33, Ex. 5).

Ms. Aglogalou moves to compel the defendants to provide documents responsive to three requests[2] for production. (Doc. 33). Essentially, these requests seek the same information: all photographs taken of the automobiles involved in the car accident. (*Id.*). The defendants oppose Ms. Aglogalou's motion and assert the photographs are protected by the work-product doctrine. (Doc. 36; *see also* Doc. 33, Exs. 1, 2, 4).

## II.  LEGAL STANDARD

A party may obtain discovery about any nonprivileged matter relevant to any party's claim or defense and proportional to the needs. Fed. R. Civ. P.

---

[2] Ms. Aglogalou sent the same first set of requests for production to each individual defendant. (Doc. 33, Exs. 1, 2). But Ms. Aglogalou only sent the second request for production to Mr. Dawson. (Doc. 33, Ex. 4).

26(b)(1). Discovery helps parties ascertain facts that bear on issues. *ACLU of Fla., Inc. v. City of Sarasota*, 859 F.3d 1337, 1340 (11th Cir. 2017) (citations omitted).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a). The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional. *Douglas v. Kohl's Dept. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted). The responding party must then specifically show how the requested discovery is unreasonable or unduly burdensome. *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559–60 (11th Cir. 1985).

### III. ANALYSIS

Ms. Aglogalou asks the court to overrule the defendants' objections to her requests for production. (Doc. 33). Although Ms. Aglogalou sent two sets of requests for production, each request seeks the same information. From the first requests for production sent to both defendants,

> **Request for Production No. 4**: All photographs of the automobiles involved in the subject accident.
>
> **Response**: Objection; any such photographs taken after the accident would have been taken in preparation of litigation and protected under work product. See attached Privilege Log.

(Doc. 33, Exs. 1, 2).

3

From the second request for production sent only to Mr. Dawson,

**Request for Production No. 1**: Any and all photographs taken by defendant of his vehicle after the collision of September 17, 2019.

**Response**: Already responded; see response to request #4 of Defendant Michael S. Dawson's Response to Request to Produce and related Privilege Log served on January 20, 2021.

(Doc. 33, Ex. 4).

Mr. Dawson produced a privilege log that delineated the photos being withheld:

1. Eleven photos of Ms. Aglogalou's vehicle taken by an unknown person for MetLife.

2. Thirty-eight photos of Ms. Aglogalou's vehicle taken by Chris Beyer for MetLife.

3. Five photos of the scene of the accident taken by Mr. Dawson for his defense counsel.

(Doc. 33, Ex. 3) (reordered for purposes of this order). Mr. Dawson explains Ms. Aglogalou provided him with the eleven photographs of Ms. Aglogalou's vehicle and attached those photos in his response. (Doc. 36, ¶ 4; Doc. 36, Ex. 1). For the remaining thirty-eight photos, Mr. Dawson argues Chris Beyer took those photos for an apparent post-accident property damage assessment. (Doc. 36, ¶ 4). Mr. Dawson asserts that because Ms. Aglogalou has eleven of those post-

accident pictures, she has the substantial equivalent of those photos requested. (*Id.* at ¶ 7). Mr. Dawson asserts the five photos he took at the scene of the accident were taken in anticipation of litigation and thus are work-product. (*Id.*).

While Federal Rule of Evidence Rule 501 provides that a state's law of privilege governs in federal diversity cases, the work-product doctrine is a limitation on discovery in federal cases and thus federal law provides the primary decisional framework. *Kemm v. Allstate Property and Cas. Ins. Co.*, Case No. 8:08-cv-299-T-30EAJ, 2009 WL 1954146, at *2 (M.D. Fla. July 7, 2009).

Federal Rule of Civil Procedure 26(b)(3)(A) governs the application of the work-product protection, and states:

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 26(b)(3) further provides that if the court orders discovery of the material described above, "it must protect against disclosure of the mental

impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The party asserting work-product protection bears the initial burden of proving that the requested materials are protected work-product. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336–37 (M.D. Fla. 2007). If the work-product doctrine applies to the materials being sought, then the moving party must show that the materials are discoverable under Rule 26(b)(1), that there is a substantial need for the materials to prepare its case, and that it cannot, without undue hardship, obtain the substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A).

First, Mr. Dawson does not need to produce the eleven photos of Ms. Aglogalou's vehicle. Those eleven photos are the same ones Ms. Aglogalou already has produced to the defendants.

Second, in Mr. Dawson's privilege log, he asserts the remaining thirty-eight photos taken for the post-accident property damage assessment are protected by the work-product doctrine. However, in his response, Mr. Dawson does not address whether those photos were taken in anticipation of litigation. Instead, he asserts Ms. Aglogalou has the substantial equivalent of those materials because she has eleven photos showing post-accident property damage. Mr. Dawson fails to meet his burden that those photos are work-

product. Moreover, those photos were prepared by Chris Beyer with MetLife, not Mr. Dawson's counsel. Mr. Dawson failed to meet his burden to show these photos fall under the work-product protection. Thus, Mr. Dawson's objection based on work-product to the production of the photos taken by Mr. Beyer with MetLife is overruled. Mr. Dawson must produce those withheld photos.

Last, Mr. Dawson has showed that the five photos he took of his vehicle are protected by the work-product doctrine. Although no affidavits were filed, the representation that Mr. Dawson took the photographs in anticipation of litigation stemming from the car accident satisfies the requirements of work product here as a threshold matter. *See Johnson v. Westgate Vacation Villas, LLC*, Case No. 6:17-cv-2141-Orl-37GJK, 2018 WL 7461685, at *4 (M.D. Fla. Oct. 23, 2018).

Because the work-product doctrine applies, the burden shifts to Ms. Aglogalou to show the photos are relevant, there is substantial need for those photos, and Ms. Aglogalou cannot obtain the information by other means without undue hardship. *See* Fed. R. Civ. P. 26(b)(3)(A). Ms. Aglogalou has not shown the photos are relevant nor has she provided any evidence showing there is a substantial need for these photos. Ms. Aglogalou also does not state she cannot obtain the information from other means. *See Seaboard Marine,*

7

*Ltd. v. Clark*, 174 So. 3d 626, 628 (Fla. 3d DCA 2015)[3] (finding the trial court erred in ordering the production of post-accident photos when the record lacks any efforts by the plaintiff "to obtain substantially equivalent materials to the privileged, post-accident photographs" taken the defense). Rather, Mr. Dawson asserts that liability is not at issue. Instead, Mr. Dawson contests whether Ms. Aglogalou has permanent injuries from the accident as she alleges. Mr. Dawson's objection based on work-product is sustained. Thus, Mr. Dawson does not need to produce the five photos taken of his vehicle.

## IV.   CONCLUSION

Thus, Ms. Aglogalou's Motion to Compel Discovery (Doc. 28) is **GRANTED in part** and **DENIED in part:**

1. Mr. Dawson's work-product objection to the thirty-eight photos taken by Mr. Beyer is **OVERRULED**. Mr. Dawson must produce the withheld photos by **August 27, 2021**.

2. Mr. Dawson's work-product objection to the five photos he took of his vehicle after the accident in anticipation of litigation is **SUSTAINED**.

---

[3] "While federal law provides the framework for assessing the applicability of the work product doctrine and whether it has been overcome in a diversity case, state law nevertheless remains instructive in determining whether there is a substantial need for materials otherwise protected by the privilege." *Hallmark Ins. Co. v. Maxum Casualty Ins. Co.*, Case No. 6:16-cv-2063-Orl-37GJK, 2017 WL 3730376, at *3 (M.D. Fla. Aug. 14, 2017).

**ORDERED** in Tampa, Florida on August 12, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge