# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**VASSILIKI AGLOGALOU,**

     **Plaintiff,**

**v.**                           **Case No.: 8:20-cv-2024-CEH-AAS**

**MICHAEL S. DAWSON and**
**CHERYL LYNN ONOPA,**

     **Defendants.**

_____/

## ORDER

Defendants Michael S. Dawson and Cheryl Lynn Onopa move this court to set a reduced deposition fee for the billing records custodian of nonparty Alexander Orthopaedic Associates (AOA). (Doc. 38). Defendants contend AOA's requested fee of $1,000.00 per hour "is unreasonable under Rule 26 of the Federal Rules of Civil Procedure and should therefore be set aside." (*Id.* at 3). AOA's response claims Defendants "have multiple other avenues to challenge the non-party AOA's charges and bills" and that AOA should not be "punish[ed]" by accepting a reduced fee "for simply treating accident victims." (Doc. 41).

Federal Rule of Civil Procedure 26(b)(4)(e)(i) allows for expert witnesses to be paid "a reasonable fee" for participating in depositions under Rule 26(b)(4)(a). However, the billing records custodian, Vladimir Alexander, M.D.

1

(who is also the founder of AOA and a practicing board-certified orthopaedic surgeon), is not expected to be deposed for the purposes of gathering expert testimony under Federal Rules of Evidence 702, 703, or 705. Instead, Defendants wish to depose AOA's billing records custodian about the billing practices of AOA and should not be financially penalized because AOA chose to have its founder (who is also a board-certified orthopaedic surgeon) supply that testimony. (Doc. 38, p. 4); *see also In re American Airlines Flight 331*, 2013 WL 12340490 at *3 (S.D. Fla. September 3, 2013) (denying motion to preclude plaintiffs from calling treating physicians at trial because plaintiffs "intend[ed] to call their treating physicians only as lay witnesses—not as experts"). Any fees paid to Dr. Alexander are therefore governed by 28 U.S.C. § 1821.

Section 1821 allows for payment to witnesses for attending court proceedings and depositions. Witnesses may receive $40 a day, as well as "a common carrier expense at the most economical rate reasonably available, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and payment for mileage, tolls, parking fees or taxicab fares." *Buccellati Holding Italia SPA v. Laura Buccellati LLC*, 2015 WL 11202358 at *6 (S.D. Fla. Mar. 10, 2015) (*citing* 28 U.S.C. § 1821(a)(1)-(d)(2)). Section 1821 contains "no provision for the trial court's award to exceed that amount." *Goodwin Bros. Leasing, Inc. v. Citizens Bank*, 587 F.2d 730, 735 (5th Cir. 1979).

Section 1821's witness attendance fee therefore may not be increased.

AOA does not dispute the rigid fee framework of Section 1821. Instead, AOA asserts ordering Dr. Alexander to appear for a deposition without increased compensation could "have a chilling effect on doctors who may refuse to treat patients who could end up in litigation out of fear of becoming embroiled in the litigation themselves." *Worley v. Central Florida Young Men's Christian Association, Inc.*, 228 So. 3d 18 (Fla. 2017). AOA, however, chose to designate Dr. Alexander as its billing records custodian. AOA could always designate a non-physician employee as the record custodian deponent. Thus, the argument that paying the statutory witness fee rate for factual billing information will have adverse effects on patient care and treatment is not persuasive.

Defendants' Motion to Determine Reasonable Corporate Representative Fee (Doc. 38) is **GRANTED**. Should Defendants proceed as anticipated and subpoena the billing records custodian for a deposition regarding AOA's billing practices, whomever AOA designates as its billing records custodian (including if that person is Dr. Alexander) shall receive proper compensation in accordance with 28 U.S.C. § 1821.

**ORDERED** in Tampa, Florida on October 29, 2021.

AMANDA ARNOLD SANSONE
United States Magistrate Judge