UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**VASSILIKI AGLOGALOU,**

    **Plaintiff,**

v.                                               **Case No.: 8:20-cv-2024-CEH-AAS**

**MICHAEL S. DAWSON and**
**CHERYL LYNN ONOPA,**

    **Defendants.**
_____/

## ORDER

Nonparty SurgCenter Northeast, LLC moves to quash Defendants Michael S. Dawson and Cheryl Lynn Onopa's subpoena to testify at a deposition. (Doc. 40). The defendants respond in opposition (Doc. 44) and SurgCenter replies to the defendants' response. (Doc. 50).

**I.  BACKGROUND**

In Florida state court, Ms. Aglogalou sued the defendants for alleged injuries to her neck and back from a car accident. (Doc. 1, Ex. 1). The defendants answered and asserted affirmative defenses. (Doc. 1, Ex. 2). After answering the complaint, the defendants removed to this court. (Doc. 1). This court entered a case management scheduling order. (Doc. 11). After requesting additional time for discovery, the court entered an amended case management order. (Doc. 26). A subsequent request for additional time for discovery moved

1

the discovery deadline to its present date of February 15, 2022. (Doc. 43).

Ms. Aglogalou had surgery on July 27, 2020 at SurgCenter for injuries Ms. Aglogalou allegedly suffered from the car crash at issue in this dispute. (Doc. 44, p. 2; Ex. A). The defendants deposed SurgCenter's billing records custodian on October 6, 2021. (*Id.* at p. 3). The defendants claim SurgCenter objected to testimony regarding two subsets of information: "the realization rates under Letters of Protection"[1] and "the contracted reimbursement rates for Florida Blue for the charges and CPT codes used for [Ms. Aglogalou's] treatment."[2] (*Id.* at p. 6)

The defendants argue this testimony is relevant to their claims that Ms. Aglogalou's "medical expenses are not reasonable and customary" and that she "failed to mitigate her damages by failing to submit her treatment through her health insurance." SurgCenter responds this information is "confidential,

---

[1] A "realization rate" is "the percentage of recorded billable time that gets billed to clients." Arthur G. Greene, *The New Normal: Restoring Profitability*, 38 No. 4 Law Prac. 28, 30 (2012). A letter of protection is generally a contract between an injured party and a medical provider stating "'the client is involved in a court case and seeks an agreement from the medical provider to treat the client in exchange for deferred payment of the provider's bill from the proceeds of [a] settlement or award . . . [T]ypically if the client does not obtain a favorable recovery, the client is still liable to pay the providers' bills.*" Carnival Corp. v. Jimenez*, 112 So. 3d 513, 517 n. 3 (Fla. 2d Dist. Ct. App. 2013). (*citing* Caroline C. Pace, Tort Recovery for Medicare Beneficiaries: Procedures, Pitfalls and Potential Values, 49 Hous. Law. 24, 27 (2012)).

[2] "SurgCenter acknowledged that the financial agreement between it and the Plaintiff [] operates in essentially the same manner as a letter of protection." (Doc. 44, p. 11 (*citing* Ex. C, Page 18, ¶ 4–14).

2

proprietary, and trade secret financial and business information" that imposes an undue burden under Federal Rule of Civil Procedure 45(d)(1). (Doc. 40, p. 4).

## II.  LEGAL STANDARD

The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P 45(d)(3)(A). The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery under Rule 26. *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-GAP-GJK, 2014 WL 12639859, at *3 (M.D. Fla. August 29, 2014).

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While discovery is broad, parties may not engage in a "fishing expedition" to obtain evidence to support their claims or defenses. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006). The moving party must establish that the subpoena must be quashed. *Bledsoe v. Remington Arms Co., Inc.*, 2010 WL 147052, *1 (M.D. Ga. Jan. 11, 2010) (*citing Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir.

2004)).

## III. ANALYSIS

SurgCenter alleges the testimony the defendants request includes confidential trade secret information that's necessity to the litigation is outweighed by SurgCenter's interests in protecting its confidentiality. (Doc. 40, p. 3) (*citing Westco, Inc. v. Scott Lewis' Gardening & Trimming, Inc.*, 26 So. 3d 620, 622 (Fla. 4th Dist. Ct. App. 2009) ("When confidential information is sought from a non-party, the trial court must determine whether the requesting party establishes a need for the information that outweighs the privacy rights of the non-party")). Florida law defines trade secrets as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." FLA. STAT. § 688.002(4) (2021).

SurgCenter's realization rates for letters of protection and reimbursement rates for Florida Blue for the relevant charges and CPT codes are trade secrets. Multiple Florida courts have held similar medical billing

4

information constitutes trade secrets. *See Laser Spine Institute, LLC v. Makanast*, 69 So.3d 1045, 1046 (Fla. 2d Dist. Ct. App. 2011) (finding "no credible counterargument" to the claim that "documents relating to i[a surgical center's] billing and collection practices" constitute trade secrets under Florida law); *Lake Worth Surgical Center, Inc. v. Gates*, 266 So. 3d 198, 202 (Fla. 4th Dist. Ct. App. 2019) ("[W]e agree with the Second District that internal cost structure information, including methodologies or formulas used to compute pricing and insurance reimbursement rates, constitutes trade secret information."). However, once a court finds information constitutes trade secrets, the court must determine whether there the nonmoving party has established a reasonable necessity for production. *Gen. Caulking Coating Co., Inc. v. J.D. Waterproofing, Inc.*, 958 So. 2d 507, 509 (Fla. 3d Dist. Ct. App. 2007).

The defendants have established a reasonable necessity for testimony regarding SurgCenter's realization rates and specified Florida Blue reimbursement rates. The defendants allege Ms. Aglogalou chose to enter into a letter of protection with SurgCenter instead of submitting an insurance claim with Florida Blue. (Doc. 44, p. 12). The defendants argue testimony regarding SurgCenter's medical billing is necessary to determine "whether [Ms. Aglogalou] could have reasonably avoided incurring additional damages by

5

merely presenting her health insurance card to providers." (*Id*.).

"A claimant for damages for bodily injuries has the burden of proving the reasonableness of his or her medical expenses." *Hasson*, 33 So.3d at 150 (*citing E.W. Karate Ass'n v. Riquelme*, 638 So. 2d 604 (Fla. 4th Dist. Ct. App. 1994)). Courts generally examine at least three factors when analyzing the reasonableness of a medical provider's charges: "(1) the provider's internal cost structure; (2) the usual and customary rates charged and payments received for these services; and (3) what other similar medical providers in the relevant market charge for similar services." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-RBD-DCI, 2016 WL 1383015, at \*2 (M.D. Fla. April 7, 2016) (*citing Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1274 (S.D. Fla. 2006)).

For this reason, Florida courts have found certain medical billing information to be reasonably necessary for disclosure. *See Columbia Hospital (Palm Beaches) Ltd. Partnership v. Hasson*, 33 So. 3d 148 (Fla. 4th Dist. Ct. App. 2010) ("Defendants sufficiently explained below why they needed the information: in order to dispute, as unreasonable, the amount of medical expenses that the plaintiff will seek to recover from them, if the hospital charges non-litigation patients a lower fee for the same medical services."); *Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1064 (Fla. 4th Dist. Ct.

App. 2011) (*quoting Hasson*); *RAJ Enterprises of Cent. Florida LLC v. Select Lab. Partners Inc.*, No. 5:14-cv-344-JSM-PRL, 2015 WL 4602550, at *4 (M.D. Fla. July 29, 2015) (finding the defendants had demonstrated the total number of drug screening tests a clinical laboratory ran was "necessary for its defense, as well as the damages elements of its counterclaim"); *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-CEH-JSS, 2017 WL 11016114, at *6 (M.D. Fla. September 20, 2017) (citing affirmatively to *RAJ Enterprises*).

Without a proper examination of SurgCenter's realization rates and relevant reimbursement rates with Florida Blue, the defendants will have difficulty "demonstrating how much [Ms. Aglogalou] could have mitigated her damages by, thus precluding Defendants' mitigation of damages defense." (Doc. 44, p. 7). The defendants have therefore established a need for this testimony that outweighs SurgCenter's interests.[3]

## IV. CONCLUSION

SurgCenter's Motion to Quash is **GRANTED in part and DENIED in part**. The defendants may depose SurgCenter's billing records custodian about realization rates SurgCenter utilizes under letters of protections and

---

[3] SurgCenter argues "protective measures should be established related to SurgCenter's trade secret, confidential information" because discovery is being permitted. (Doc. 50, p. 7 n. 2). The court will, if appropriate, consider any requested protective measures upon the filing of a proper motion.

7

reimbursement rates for Florida Blue for the charges and CPT codes used for Ms. Aglogalou's surgery.

**ORDERED** in Tampa, Florida on December 3, 2021.

*Amanda Arnold Sansone*

AMANDA ARNOLD SANSONE
United States Magistrate Judge