UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VASSILIKI AGLOGALOU,

    Plaintiff,

v.                                                            Case No.: 8:20-cv-2024-CEH-AAS

MICHAEL S. DAWSON and
CHERYL LYNN ONOPA,

    Defendants.
_____/

**ORDER**

Nonparty Alexander Orthopaedic Associates (AOA) moves to quash Defendants Michael S. Dawson and Cheryl Lynn Onopa's subpoena to testify at a deposition. (Doc. 52). The defendants respond in opposition (Doc. 53). AOA replied to the defendants' opposition. (Doc. 58).

**I.   BACKGROUND**

In Florida state court, Ms. Aglogalou sued the defendants for alleged injuries to her neck and back from a car accident. (Doc. 1, Ex. 1). The defendants answered and asserted affirmative defenses. (Doc. 1, Ex. 2). After answering the complaint, the defendants removed to this court. (Doc. 1). The court entered a case management scheduling order. (Doc. 11). After requesting additional time for discovery, the court entered an amended case management order. (Doc. 26). A subsequent request for additional time for discovery moved

1

the discovery deadline to its present date of February 15, 2022. (Doc. 43).

AOA has treated Ms. Aglogalou for injuries stemming from her car accident since October 1, 2019. (Doc. 53, Ex. A). Ms. Aglogalou has amassed $37,445.37 in medical expenses from AOA. (*Id.*). The defendants subpoenaed AOA on December 9, 2021, seeking testimony from AOA's corporate representative (acting as AOA's billing records custodian) on several topics related to AOA's billing practices. (Doc. 52, Ex. A). AOA claims the defendant's deposition topics are overly broad and would necessitate the production of "AOA's confidential, proprietary, and trade secret financial and business information." (Doc. 52, p. 2). AOA thus argues compelling testimony on these topics would impose an undue burden under Federal Rule of Civil Procedure 45(d)(1). (Doc. 52, p. 8).

The defendants respond claiming they seek only information related to "the realization rates under Letters of Protection"[1] drafted by AOA and "the

---

[1] A "realization rate" is "the percentage of recorded billable time that gets billed to clients." Arthur G. Greene, *The New Normal: Restoring Profitability*, 38 No. 4 Law Prac. 28, 30 (2012). A letter of protection is generally a contract between an injured party and a medical provider stating "'the client is involved in a court case and seeks an agreement from the medical provider to treat the client in exchange for deferred payment of the provider's bill from the proceeds of [a] settlement or award . . . [T]ypically if the client does not obtain a favorable recovery, the client is still liable to pay the providers' bills*." Carnival Corp. v. Jimenez*, 112 So. 3d 513, 517 n. 3 (Fla. 2d DCA 2013). (*citing* Caroline C. Pace, *Tort Recovery for Medicare Beneficiaries: Procedures, Pitfalls and Potential Values*, 49 Hous. Law. 24, 27 (2012)).

2

contracted reimbursement rates for Florida Blue for the charges and CPT codes used for [Ms. Aglogalou's] treatment."[2] (Doc. 53, p. 5). The defendants argue this testimony is relevant to their claims that Ms. Aglogalou's "medical expenses are not reasonable and customary" and that she "failed to mitigate her damages by failing to submit her treatment through her health insurance." (*Id*. at p. 4).

## II.   LEGAL STANDARD

The court must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden. Fed. R. Civ. P 45(d)(3)(A). The scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery under Rule 26. *Cadle v. GEICO Gen. Ins. Co.*, No. 6:13-cv-1591-GAP-GJK, 2014 WL 12639859, at *3 (M.D. Fla. August 29, 2014).

Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). While discovery

---

[2] Ms. Aglogalou was treated pursuant to a Patient Financial Agreement & Authorization for Lien on Service that the defendants allege effectively "operates in the same manner as a typical 'letter of protection.'" (Doc. 53, p. 4) (*citing* Ex. C).

is broad, parties may not engage in a "fishing expedition" to obtain evidence to support their claims or defenses. *Porter v. Ray*, 461 F.3d 1315, 1324 (11th Cir. 2006). The moving party must establish that the subpoena must be quashed. *Bledsoe v. Remington Arms Co., Inc.*, 2010 WL 147052, *1 (M.D. Ga. Jan. 11, 2010) (*citing Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 818 (5th Cir. 2004)).

## III. ANALYSIS

AOA alleges the testimony the defendants request includes confidential trade secret information that's necessity to the litigation is outweighed by AOA's "substantial privacy interest." (Doc. 52, p. 5). Florida law defines trade secrets as "information, including a formula, pattern, compilation, program, device, method, technique, or process that: (a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and (b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy." FLA. STAT. § 688.002(4) (2021).

AOA's realization rates for letters of protection and reimbursement rates for Florida Blue for the relevant charges and CPT codes are trade secrets. Multiple Florida courts have held similar medical billing information

constitutes trade secrets. *See Laser Spine Institute, LLC v. Makanast*, 69 So. 3d 1045, 1046 (Fla. 2d DCA 2011) (finding "no credible counterargument" to the claim that "documents relating to i[a surgical center's] billing and collection practices" constitute trade secrets under Florida law); *Lake Worth Surgical Center, Inc. v. Gates*, 266 So. 3d 198, 202 (Fla. 4th DCA 2019) ("[W]e agree with the Second District that internal cost structure information, including methodologies or formulas used to compute pricing and insurance reimbursement rates, constitutes trade secret information."). However, once a court finds information constitutes trade secrets, the court must determine whether the nonmoving party has established a reasonable necessity for production. *Gen. Caulking Coating Co., Inc. v. J.D. Waterproofing, Inc.*, 958 So. 2d 507, 509 (Fla. 3d DCA 2007).

The defendants have established a reasonable necessity for testimony regarding AOA's realization rates and specified Florida Blue reimbursement rates. This court previously held the defendants had established a reasonable necessity for testimony regarding realization rates and specified Florida Blue reimbursement rates from a different medical center Ms. Aglogalou visited to receive treatment for injuries stemming from her car accident, SurgCenter Northeast, LLC (SurgCenter). (Doc. 51, p. 5). In that order, this court held the defendants had established "a proper examination of SurgCenter's realization

5

rates and relevant reimbursement rates with Florida Blue" was necessary to "demonstrat[e] how much Ms. Aglogalou could have mitigated her damages. . . thus precluding Defendants' mitigation of damages defense." (*Id.* at 7) (*citing* Doc. 44, p. 7).

This same justification applies here. "A claimant for damages for bodily injuries has the burden of proving the reasonableness of his or her medical expenses." *Columbia Hospital (Palm Beaches) Ltd. Partnership v. Hasson*, 33 So. 3d 148, 150 (Fla. 4th DCA 2010) (*citing E.W. Karate Ass'n v. Riquelme*, 638 So. 2d 604 (Fla. 4th DCA 1994)). Courts generally examine at least three factors when analyzing the reasonableness of a medical provider's charges: "(1) the provider's internal cost structure; (2) the usual and customary rates charged and payments received for these services; and (3) what other similar medical providers in the relevant market charge for similar services." *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, No. 6:14-cv-1157-RBD-DCI, 2016 WL 1383015, at *2 (M.D. Fla. April 7, 2016) (*citing Colomar v. Mercy Hosp., Inc.*, 461 F. Supp. 2d 1265, 1274 (S.D. Fla. 2006)).

For this reason, Florida courts have found certain medical billing information to be reasonably necessary for disclosure. *See Hasson*, 33 So. 3d at 150 ("Defendants sufficiently explained below why they needed the information: in order to dispute, as unreasonable, the amount of medical

expenses that the plaintiff will seek to recover from them, if the hospital charges non-litigation patients a lower fee for the same medical services."); *Katzman v. Rediron Fabrication, Inc.*, 76 So. 3d 1060, 1064 (Fla. 4th DCA 2011) (*quoting Hasson*); *RAJ Enterprises of Cent. Florida LLC v. Select Lab. Partners Inc.*, No. 5:14-cv-344-JSM-PRL, 2015 WL 4602550, at *4 (M.D. Fla. July 29, 2015) (finding the defendants had demonstrated the total number of drug screening tests a clinical laboratory ran was "necessary for its defense, as well as the damages elements of its counterclaim"); *Universal Physician Services, LLC v. Del Zotto*, No. 8:16-cv-1274-CEH-JSS, 2017 WL 11016114, at *6 (M.D. Fla. September 20, 2017) (citing affirmatively to *RAJ Enterprises*).

AOA in response points to *Williams v. Eriksson*, No. 3:14-cv-1262-HES-JBT, 2015 WL 12866969, at *1 (M.D. Fla. Sept. 17, 2015).[3] (Doc. 52, p. 8). In *Williams*, the court denied a motion to compel responses from a nonparty treating physician because the requests at issue were "excessive and not reasonably calculated to lead to the discovery of admissible evidence." *Williams*, 2015 WL 12866969, at *2. The court held the defendant in that matter was not entitled to information regarding money collected under letters

---

[3] AOA in response also claims they "would have to dedicate a full-time employee . . . for at least one week" to produce the realization rates AOA uses for letters of protection because AOA does not "generate reports reflecting the realization rates for patients treating under a letter of protection in the ordinary course of its business." (Doc. 58, p. 3–4).

of protection because the motion "fail[ed] to disclose what, if any, procedures [the physician] performed, or anything else about his treatment of Plaintiff, other than the conclusory assertion that he is expected to testify as to the cause, nature and extent of the Plaintiff's injuries." *Id*. (citations omitted). Further, the court found the defendant never "explain[ed] anything about [the physician's] treatment of Plaintiff[,] why this type of broad discovery may be appropriate as to him," or "clearly identified any such letter of protection" used by the medical center in that matter. *Id*.

Contrarily, the defendants in this case attached to their response to AOA's motion both Ms. Aglogalou's treatment history with AOA and the financial agreement she signed with AOA that the defendants claim effectively operates as a letter of protection. (Doc. 53, Ex. A, C). The defendants argue testimony regarding these documents and AOA's usage of realization rates for letters of protection is necessary to determine "whether [Ms. Aglogalou] could have reasonably avoided incurring additional damages by merely presenting her health insurance card to providers." (Doc. 53, p. 10). The defendants have thus established a need for this testimony that outweighs AOA's burdens.

## IV.   CONCLUSION

AOA's Motion to Quash (Doc. 52) is **GRANTED in part and DENIED in part**. The defendants may depose AOA's billing records custodian about

realization rates AOA utilizes under letters of protections and reimbursement rates for Florida Blue for the charges and CPT codes used for Ms. Aglogalou's surgery.[4]

However, it appears the defendants' subpoena fails to comply with Federal Rule of Civil Procedure 45(a)(1)(iv), which requires every subpoena "set out the text of Rule 45(d) and (e)." (Doc. 52, Ex. A). The defendants therefore must serve AOA with a subpoena that fully complies with the Federal Rules of Civil Procedure before deposing AOA's billing records custodian.[5]

**ORDERED** in Tampa, Florida on January 13, 2022.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[4] AOA "requests that the Court require a mutually agreeable confidentiality order, limiting review of the information to Defendants' counsel only and prohibiting the disclosure of the privileged information by Defendants' counsel to any other person, party, or entity" because discovery is being permitted "in violation of the confidentiality clause and in breach of [AOA's] contract" with Blue Cross Blue Shield of Florida. (Doc. 52, p. 10); (Doc. 58, p. 5). The court will, if appropriate, consider any requested protective measures upon the filing of a proper motion.

[5] A blank subpoena form is available at uscourts.gov/sites/default/files/ao088a.pdf